(No. 22503.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MARCHIANDO, Plaintiff in Error.

*Opinion filed October 19, 1934—Rehearing denied Dec. 13, 1934.*

GEORGE W. DOWELL, (L. A. CRANSTON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, MARION M. HART, State's Attorney, J. J. NEIGER, and ROBERT E. HICKMAN, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

John Marchiando was found by a jury in the circuit court of White county guilty of murder and sentenced to fourteen years' imprisonment. By this writ of error he seeks a reversal of that judgment.

Defendant, Marchiando, admitted that he shot and killed Dewey Gray in Christopher, Franklin county, on May 28, 1933, but claimed that the killing was done in self-defense. The deceased and defendant were coal miners, belonging to rival miners' organizations which were bitterly hostile. On the day of the homicide defendant was one of a group of miners standing in front of a pool-hall. He saw Gray approach with a companion, and remarked, as Gray closely approached him, that anybody who worked in the mines at Taylorville was a scab. Gray stopped, admitted that he worked in the Taylorville mines and said he was not a scab. Defendant drew a pistol and fired five shots, the last one being fired at Gray's head as he lay on the sidewalk. Upon the approach of an officer defendant fled but was soon found hidden in the coal shed of an acquaintance, claiming that he had left the scene of the killing because he feared violence from Gray's friends in the rival organization.

It is argued that the verdict is manifestly against the weight of the evidence. This point hinges upon the question of whether Gray was armed, and, if he was, whether he tried to use his weapon. The evidence upon this point is highly conflicting and cannot be harmonized. Defendant testified that he cautioned the group he was with to keep still when he saw Gray and Jones approaching. Gray stopped in front of him and asked what he had said. Defendant told him to go on, as he did not want trouble with him. According to defendant's story Gray started reaching for his gun at the first remarks. Defendant said he then reached for his gun and held it down. Nothing more was said, the two men just glaring at each other. Gray kept trying to reach his gun and defendant kept warning him to cease his efforts. When Gray did not desist in his efforts defendant shot him. A review of the testimony of each witness bearing upon the plea of self-defense engenders the belief that the jury was fully warranted in

denying the sufficiency of the plea as a matter of fact. In this connection we cannot overlook the testimony of two witnesses for the People who were not interested in the quarrel between the rival miners' organizations and were not friendly either to defendant or deceased. S. R. Gilbert and his wife were in an automobile near the scene of the shooting. Both testified that they saw Gray and defendant standing opposite each other; that Gray at all times kept his arms motionless at his sides and that they were in that position when he was shot. Whether Gray was unarmed when killed is immaterial, because it appears from the greater weight of the evidence that he made no effort to use his weapon, if he had one.

The verdict of the jury is clearly not against the manifest weight of the evidence. On the contrary, it is clearly in accord with it. An examination of the record fails to disclose that the verdict was the result of passion or prejudice, and therefore no grounds exist for reversal on the evidence. (*People* v. *Scott,* 261 Ill. 165; *People* v. *Popovich,* 295 id. 491.) Contradictory evidence, alone, is not sufficient to warrant a reversal. *People* v. *White,* 311 Ill. 356.

Objection is taken to certain instructions given for the People. Instruction 1 set forth under what circumstances the plea of self-defense was not proper. The objection to this instruction is based upon the assumption that the evidence showed, beyond a reasonable doubt, that Gray's actions were sufficient to justify the shooting of him by defendant in self-defense. Our comment on the evidence disposes of this objection. In view of the evidence this instruction was properly given.

Objections to instructions 13 and 14 are made because they predicate self-defense actions upon the attendant circumstances as "must appear to him, acting as a reasonable man," or "acting as a reasonable person." Defendant erroneously states that this particular point was determined in his favor in *People* v. *Duncan,* 315 Ill. 106. In the

present instructions the criterion is whether defendant has acted as a reasonable person. In the *Duncan case* the criterion was not the actions of defendant but how a "reasonable person under the same circumstances" would have acted. That is a vital difference, which negatives the objections.

Instruction 5 stated that a person assaulted may exercise a reasonable degree of force to repel an attack but must not provoke one. Instruction 10 stated that the flight of a defendant immediately after the commission of an offense is proper evidence of consciousness of guilt. These two instructions, while objected to, were properly given, for they were based upon the evidence and in accordance with the law.

Objections are also made to certain instructions for the People concerning malice. Defendant alleges that those instructions do not take cognizance of the plea of self-defense. Instruction 9 for the People does include the matter of self-defense. In addition fifteen other instructions relating to self-defense were given.

It is apparent that defendant was not injured by the instructions given. Considered as a series they adequately instructed the jury as to the law applicable to the theory of the People that defendant was guilty of murder and to his plea of self-defense.

Defendant says he should have a reversal because of alleged improper remarks of the State's attorney in his opening and closing arguments. The remarks objected to are of such trivial character as to fall far short of causing the jury to be influenced by them. Furthermore, defendant's counsel by his injudicious remarks is responsible for some of the statements made by the State's attorney.

Objection is taken to remarks of the court in ruling upon the competency of certain evidence. We have examined the record in these particulars and can find nothing prejudicial to defendant's cause. The rulings of the trial court were uniformly correct. The record discloses that

defendant secured a fair and impartial hearing, with ample opportunity to substantiate his plea of self-defense.

The verdict was warranted by the evidence, and as no error prejudicial to defendant occurred, the judgment is affirmed.

*Judgment affirmed.*